IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SEAN BLAKE, ) | |
| ) | |
| Movant, ) | |
| ) | Cv. No. 2:13-cv-02663-JPM-cgc |
| v. ) | Cr. No. 2:10-cr-20003-JPM-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Sean Blake, Bureau of Prisons register number 23950-076, who is currently incarcerated at the Federal Correctional Institution Low in Forrest City, Arkansas. (§ 2255 Mot., *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 1; *see* Change of Address Notice, *id.*, ECF No. 16.) For the reasons stated below, the Court DENIES the § 2255 Motion.

**I.    PROCEDURAL HISTORY**

    **A.    Criminal Case Number 10-20003**

On January 5, 2010, a federal grand jury returned a four-count indictment charging that Blake unlawfully, knowingly, and intentionally distributed a mixture and substance containing a detectable amount of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1) on (1) September 3, 2009; (2) September 8, 2009; (3) September 17, 2009; and (4) September 23, 2009. (Indictment, *United States v. Blake*, No. 2:10-cr-20003-JPM-1 (W.D. Tenn.), ECF No. 3.)

Pursuant to a written plea agreement, Blake appeared before the Court on August 3, 2011, and entered a guilty plea as to Count One. (Plea Agreement, *id.*, ECF No. 48; Min. Entry, *id.*, ECF No. 45.) As a condition of the plea, the United States dismissed Counts Two, Three, and Four. (Plea Agreement ¶ 1, *id.*, ECF No. 48.) The factual basis for the charges is stated in the presentence investigation report ("PSR"):

> **The Offense Conduct**
>
> 4. According to the investigative file, on September 3, 2009, an undercover detective (UC) with the Memphis Police Department Organized Crime Unit (MPD OCU) met with **Sean Blake** at 1484 Maplewood Street, Memphis, TN, in order to purchase crack cocaine. The UC provided **Blake** with $10 in exchange for crack cocaine (**0.1 grams TNW**).
>
> **Relevant Conduct**
>
> 5. According to the investigative file, on September 8, 2009, a UC with the MPD OCU met with **Sean Blake** at 1484 Maplewood Street, Memphis, TN, in order to purchase crack cocaine. The UC provided **Blake** with $10 in exchange for crack cocaine (**0.1 grams TNW**).
>
> 6. On September 10, 2009, a UC with the MPD OCU met with **Sean Blake** at 1484 Maplewood Street, Memphis TN, in order to purchase crack cocaine. The UC provided **Blake** with $10 in exchange for crack cocaine (**0.08 grams TNW**).
>
> 7. On September 14, 2009, a UC with the MPD OCU met with **Sean Blake** at 1484 Maplewood Street, Memphis TN, in order to purchase crack cocaine. The UC provided **Blake** with $10 in exchange for crack cocaine (**0.1 grams TNW**).
>
> 8. On September 17, 2009, a UC with the MPD OCU met with **Sean Blake** at 1484 Maplewood Street, Memphis TN, in order to purchase crack cocaine. The UC provided **Blake** with $15 in exchange for crack cocaine (**0.09 grams TNW**).
>
> 9. On September 23, 2009, a UC with the MPD OCU met with **Sean Blake** at 1484 Maplewood Street, Memphis TN, in order to purchase crack cocaine. The UC provided **Blake** with $20 in exchange for crack cocaine (**0.07 grams TNW**).

10. The total amount of cocaine base sold by the defendant from September 3, 2009, until September 23, 2009, was **0.54 grams TNW**.

. . . .

**Adjustment for Acceptance of Responsibility**

13. The defendant submitted the following signed statement:

> I, Sean Blake, admit that I am guilty of the crime charged in Count One of the Indictment. I admit that I sold crack cocaine, which violated the law of the United States of America. I am sorry for the trouble I have caused my family, myself, my community, and the court. I will never do this again, and I realize the seriousness of my actions.

(PSR ¶¶ 4-10, 13.)

At a hearing on December 19, 2011, the Court sentenced Blake to a total term of imprisonment of 151 months, to be followed by a four-year period of supervised release. (Min. Entry, *United States v. Blake*, No. 2:10-cr-20003-JPM-1 (W.D. Tenn.), ECF No. 57.)[1] Judgment was entered on the same day. (J. in a Criminal Case, *id.*, ECF No. 58.) Blake filed a notice of appeal on December 23, 2011. (Notice of Appeal, *id.*, ECF No. 60.) On August 27, 2012, the Sixth Circuit affirmed the district court's judgment. *United States v. Blake*, 496 F. App'x 584 (6th Cir. 2012).

---

[1] The 2010 edition of the *Guidelines Manual* was used to calculate Blake's sentencing range. (PSR ¶ 14.) On Count One, pursuant to U.S.S.G. § 2D1.1(a)(5), the base offense level for violations of 21 U.S.C. § 841(a)(1) is 12. (*Id.* ¶ 15.) Blake received a two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(b), resulting in a total offense level of 10. (*Id.* ¶¶ 21-22.) Given his criminal history category of VI, the guideline sentencing range was twenty-four to thirty months. (*2010 Guidelines Manual*, Ch. 5, part A – Sentencing Table; PSR ¶ 41.)

Because he had at least two prior felony convictions for controlled substance offenses or crimes of violence, however, Blake was sentenced as a career offender under U.S.S.G. § 4B1.1. (*Id.* ¶ 23; *see id.* ¶¶ 34, 36, 38.) Pursuant to U.S.S.G. § 4B1.1(b)(C), the offense level was 32 and, after a three-level reduction for acceptance of responsibility, the total offense level was 29. (*Id.* ¶¶ 23-25; *see id.* ¶ 106.) The guideline sentencing range was 151 to 188 months. (*Id.* ¶ 107.) The statutory maximum for a violation of 21 U.S.C. § 841(a)(1) is no more than 240 months. (*Id.* ¶ 106.)

B.     Case Number 13-2663

On August 22, 2013, Blake filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (§ 2255 Mot., *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 1.) This motion presents the following ineffective assistance of counsel issues:

1. "Counsel failed to present mitigating evidence at sentencing";

2. "Counsel failed to interview witnesses in regards to the petitioner's substance abuse, mental health, d[y]sfunctional background, and growing up in poverty"; and

3. "Counsel rendered ineffective [a]ssistance of [c]ounsel when counsel abandoned the challenge to the Career Offender Enhancement."

(§ 2255 Mot. at PageID 3-4.) Blake also asserts that the asserted grounds for relief were not previously presented because "[c]ounsel failed to present these issue[s] at sentencing and on [d]irect [a]ppeal." (*Id.* at 5.)

On June 19, 2014, the Court issued an order directing the Government to respond. (Order Directing Gov't to Respond, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 2.) The Government filed its response on August 28, 2014. (Resp. to § 2255 Mot., *id.*, ECF No. 5.) Blake filed a reply on June 26, 2015. (Reply, *id.*, ECF No. 10.)

On January 28, 2016, Blake filed a motion to supplement his § 2255 Motion in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Mot. to Suppl., *id.*, ECF No. 11.) On February 2, 2016, the Court granted Blake's motion to supplement and directed the Government to supplement its response. (Order Granting Mot. to Suppl., *id.*, ECF No. 12.) The Government responded in opposition to Blake's supplemental claim on

February 8, 2016. (Resp. to § 2255 Suppl., *id.*, ECF No. 13.) Blake filed a reply on March 2, 2016. (Reply, *id.*, ECF No. 14.)

## II. THE LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

"[A] § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Even constitutional claims that could have been raised on direct appeal, but were not, are barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 699-700 (6th

5

Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his recollection of the prior case. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may

enable him summarily to dismiss a § 2255 motion . . . ."). The movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

"If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668 . . . (1984)." *Grant*, 72 F.3d at 506. To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88.

> A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

*Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citations omitted). To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[2] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 562 U.S. at 104 (citations omitted); *see also id.* at 111-12 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result

---

[2] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . ." *Strickland*, 466 U.S. at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

7

must be substantial, not just conceivable." (citations omitted)); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to 'rule out' [a more favorable outcome] to prevail. Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different.").

The two-part test stated in *Strickland* applies to challenges to guilty pleas based on the ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors," the outcome of the plea process would have been different. *Id.* at 59; *see also Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) ("[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

## III. ANALYSIS

In his initial § 2255 Motion and supplement to the § 2255 Motion, Blake raises three ineffective assistance of counsel claims and a *Johnson* claim. Blake asserts that his trial counsel, David Bell, was ineffective for (1) failing present mitigating evidence of his troubled childhood and mental health problems at sentencing (Mem. in Supp. of § 2255 Mot. at 3-11, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 1-1); (2) failing to interview and call family or expert witnesses who could have testified on his behalf at sentencing (*id.* at 11-16); and (3) abandoning a challenge to the career offender enhancement by failing to raise the issue on direct appeal (*id.* at 17-23). Blake also asserts that the holding in *Johnson* is retroactive

and thus applies to render his convictions for attempted aggravated robbery and attempted murder unconstitutional. (Mot. to Suppl. at 3-8, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 11.) The Court addresses each claim below.

### A. Failure to Present Mitigating Evidence

First, Blake asserts that, at sentencing, Bell "abandoned the argument that [Blake's] childhood and mental health problems contributed to his criminal history." (Mem. in Supp. of § 2255 Mot. at 4-11, *id.*, ECF No. 1-1.) Blake also asserts that Bell did not call any of the family members present at the sentencing hearing to testify about Blake's mental health and "rough childhood" as mitigating evidence. (*Id.* at 5-6.) The Government asserts that Blake's mental health problems were discussed in depth in the PSR and at the sentencing hearing. (Resp. to § 2255 Mot. at 5, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 5.) Further, the Government asserts that the family members present chose not to testify. (*Id.* at 5.) The Court finds that Blake's claim for ineffective assistance as to Bell's failure to present mitigating evidence does not meet the *Strickland* standard.

Blake fails to demonstrate that the alleged failure to present mitigating evidence resulted in prejudice. The PSR described Blake's family history and mental health problems in great detail. (PSR ¶¶ 60-65, 77-85.) Moreover, during the sentencing hearing, Bell had a lengthy discussion with the Court regarding Blake's family and mental health history. (Sentencing Hr'g Tr. 31:22-36:15, Dec. 19, 2011, *United States v. Blake*, No. 2:10-cr-20003-JPM-1 (W.D. Tenn.), ECF No. 62.) The Court considered "contributing factors," including Blake's criminal history, substance abuse, and mental health issues (*id.* at 40:4-51:9), and determined that a sentence of 151 months, or twelve years and seven months, instead of a sentence of fifteen years, was appropriate. (*Id.* at 54:15-55:3 ("That's a lot of time, but it's because of the need of society to be

as safe as possible recognizing the facts that we're dealing with here. So I have reduced the sentence in the sense of not being at the high level because there's so many other contributing components . . . .").) Thus, in light of the Court's balancing of the mitigating evidence against public safety concerns, Blake cannot establish that further efforts on Bell's part to pursue the issue of mitigation would actually have affected the sentence he ultimately received. *See United States v. Boyd*, 259 F. Supp. 2d 699, 705 (W.D. Tenn. 2003). Blake's sentence of 151 months was the lowest recommended sentence under the Sentencing Guidelines. *See supra* n.1. Blake is therefore not entitled to relief on this ineffective assistance of counsel claim.

B. **Failure to Call or Interview Witnesses**

Second, Blake asserts that Bell stated in a December 5, 2011, motion[3] that certain fact and expert witnesses would be called at the sentencing hearing to testify about Blake's family history, mental health, and medical treatment. (*See generally* Mem. in Supp. of § 2255 Mot. at 4-16, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 1-1.) Blake asserts that Bell "never interviewed one witness that would or could reinforce the fact of his defense at sentencing." (*Id.* at 12.) Bell asserts in his affidavit that he did not tell Blake that he intended to call a mental health professional as an expert witness and that Blake's family members were interviewed and had declined to testify at the sentencing hearing. (Bell Aff. ¶¶ 6-9, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 5-1.) The Court finds that Blake's claim for ineffective assistance as to Bell's failure to call or interview witnesses does not meet the *Strickland* standard.

---

[3] Although Blake categorizes the filing as a "motion," he is actually referencing the position paper regarding the PSR, filed December 5, 2011. (*See* Def.'s Position Paper, *United States v. Blake*, No. 2:10-cr-20003-JPM-1 (W.D. Tenn.), ECF No. 53.)

"[W]hether to call a witness . . . [is a] classic question[] of trial strategy that merit[s] *Strickland* deference." *Rayborn v. United States*, 489 F. App'x 871, 878 (6th Cir. 2012). Because "[t]he burden rests on the defendant to overcome the presumption that the challenged conduct might be considered sound trial strategy," *id.*, Blake must establish that the failure to call witnesses would not be a sound trial strategy. The position paper states only that "the defendant *may* call some witnesses at his sentencing hearing" and does not suggest that Bell misrepresented to Blake or to the Court that he would call certain witnesses. (Def's Position Paper at 1, *United States v. Blake*, No. 2:10-cr-20003-JPM-1 (W.D. Tenn.), ECF No. 53 (emphasis added).) Bell's decision not to call expert witnesses to testify about Blake's mental health is not unreasonable in light of the psychological evaluation already conducted to determine Blake's competency to stand trial (*see* Evaluation, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 1-9) and the medical records already in the record (*see* Disability Report, *United States v. Blake*, No. 2:10-cr-20003-JPM-1 (W.D. Tenn.), ECF No. 53-2). Additionally, Bell's decision not to call Blake's family members was governed by the family members' decision not to testify at the sentencing hearing. (*See* Sentencing Hr'g Tr. 34:15-18, Dec. 19, 2011, *id.*, ECF No. 62 ("None of them want to address the court, they're a little nervous and intimidated by the whole process.").) Bell also asserts that Blake "did not wish for [Bell] to call them as witnesses against their will." (Bell Aff. ¶ 7, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 5-1.) Two unauthenticated affidavits of Blake's mother and brother, submitted by Blake as exhibits to his § 2255 Motion, do not directly contradict Bell's assertion that the family members chose not to testify at the time of the sentencing hearing. (*See* Sherry Blake Aff., *id.*, ECF No. 1-3; Carlos Blake Aff., *id.*, ECF No. 1-4.) Thus, Blake's claim of ineffective assistance as to the failure to call witnesses does not meet the *Strickland* standard because it was objectively

11

reasonable for Bell not to call expert witnesses or unwilling fact witnesses at the sentencing hearing. Further, even if Bell's representation had been deficient, Blake cannot establish that the additional testimony would have affected his sentence. While Bell asked for a downward variance to seventy-six months (*see* Def.'s Position Paper at 6, *United States v. Blake*, No. 2:10-cr-20003-JPM-1 (W.D. Tenn.), ECF No. 53), the Court declined for the reasons stated and imposed a sentence at the lower end of the Sentencing Guidelines. (*See generally* Sentencing Hr'g Tr. 24:14-55:8, Dec. 19, 2011, *id.*, ECF No. 62; *see also Boyd*, 259 F. Supp. 2d at 705 ("[defendant] cannot establish that the Court would have indeed granted the departure . . . and thus cannot establish prejudice").

In a third unauthenticated affidavit, Georgette Walls states that she "did not testify because [she] was not prepared, interviewed or asked any questions by [Bell] before [December 19, 2011] about Sean Blake's childhood and his mental health problems." (Walls Aff. ¶ 2, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 1-5.) The Court considers next whether the failure to interview witnesses constituted ineffective assistance of counsel.

Blake cites to capital cases in which defense counsel's failure to interview witnesses constituted ineffective assistance. (*See, e.g.*, Mem. in Supp. of § 2255 Mot. at 13, 15, *id.*, ECF No. 1-1.) Capital cases are distinguishable, however, because "the Constitution requires that 'the sentencer in capital cases must be permitted to consider any relevant mitigating factor.'" *Porter v. McCollum*, 558 U.S. 30, 42 (2009) (quoting *Eddings v. Oklahoma*, 455 U.S. 104, 112 (1982)). In such cases, it is unreasonable to discount relevant mitigating factors such as childhood trauma and mental health issues; doing so also potentially results in prejudice where the defendant would have received a sentence other than death. *See id.* at 42-44.

Bell asserts that he interviewed Blake's mother, Sherry Blake, "extensively" prior to the sentencing hearing. (Bell Aff. ¶ 9, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 5-1.) Bell does not assert that he interviewed Georgette Walls. Regardless, Bell's failure to interview certain of Blake's family members was not deficient under *Strickland*, since the Court received other evidence detailing Blake's family history and mental health issues. *See United States v. Brown*, 283 F. App'x 63, 65-66 (3d Cir. 2008) (finding that it was objectively reasonable for counsel not to interview the defendant's family members when additional testimony from them would not have assisted the defendant's case). Blake also cannot establish that, had Bell interviewed Walls or any additional family members, Blake would have received a different sentence. Thus, Blake's claim of ineffective assistance as to the failure to interview witnesses does not meet the *Strickland* standard. Blake is therefore not entitled to relief on this ineffective assistance of counsel claim.

### C. Failure to Challenge Career Offender Enhancement on Appeal

Third, Blake asserts that Bell was ineffective for abandoning the issue of Blake's career offender classification on appeal. (Mem. in Supp. of § 2255 Mot. at 17-23, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 1-1; *see also United States v. Blake*, 496 F. App'x at 585 n.2 ("Blake does not currently challenge his status as a career offender before [the Sixth Circuit].").)[4] The Government asserts that Bell was not ineffective for failing to raise the issue on appeal because the argument was not available to him on appeal and because Blake cannot demonstrate that he was prejudiced by the failure. (Resp. to § 2255 Mot. at 7,

---

[4] Blake asserts that his prior convictions were illegal under Tennessee law. On July 14, 2011, Blake filed a petition under 28 U.S.C. § 2254 to this effect. (§ 2254 Pet., *Blake v. United States*, No. 2:11-cv-02594-JPM-dkv (W.D. Tenn.), ECF No. 1.) This Court ultimately determined that Blake had procedurally defaulted this claim by failing to comply with the procedural requirements for filing a state habeas petition, and denied his § 2254 petition on August 13, 2013. (Order at 18-19, *id.*, ECF No. 32.)

13

*Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 5-1.) The Court finds that Blake's claim for ineffective assistance as to Bell's failure to challenge Blake's career offender classification on appeal does not meet the *Strickland* standard.

"Although a defendant . . . may be able to challenge his or her prior convictions as void . . . through state channels seeking post conviction relief, attempting to do so during sentencing for unrelated crimes in federal court is an impermissible collateral attack." *United States v. Ruvalcaba*, 627 F.3d 218, 222 (6th Cir. 2010); *see also United States v. Davis*, 98 F. App'x 419, 420 (6th Cir. 2004) ("a defendant in a federal sentencing proceeding . . . has no right to attack collaterally a prior conviction which was not obtained in violation of his right to counsel" (citing *Custis v. United States*, 511 U.S. 485, 495-97 (1994)). "The appropriate means to attack a prior state court conviction is through state court proceedings and then, if necessary, through federal habeas corpus proceedings." *Davis*, 98 F. App'x at 421. Because Blake's underlying convictions had not been adjudicated illegal through state or federal habeas corpus proceedings, it was not objectively unreasonable for Bell not to challenge Blake's career offender classification on appeal. Such a challenge would have been inappropriate. Thus, Blake's claim of ineffective assistance as to the failure to challenge his career offender enhancement does not meet the *Strickland* standard. Blake is therefore not entitled to relief on this ineffective assistance of counsel claim.

    **D.**    **Constitutionality of Convictions for Criminal Attempt Under *Johnson***

Blake may appropriately challenge his career offender classification in the instant case for habeas relief. *See id.* Blake asserts that the Supreme Court's ruling in *Johnson v. United States* applies to his prior convictions and requests that he be resentenced in light of *Johnson*. (*See generally* Mot. to Suppl., *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.),

14

ECF No. 11.) Blake asserts that his two prior Tennessee state convictions for attempted aggravated robbery and attempted second-degree murder are no longer consider crimes of violence for purposes of sentencing enhancement. (*Id.* at 3-7.) At least two of Blake's prior convictions, however, are beyond the scope of the residual clause to which the *Johnson* holding applies and remain eligible convictions for career offender status.

### 1. *Johnson v. United States*

The ACCA provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

"Violent felony" is defined by the ACCA as a felony "that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The Supreme Court held in *Johnson* that the residual clause of the ACCA, encompassing all felonies that "involve[] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague and that the application of the residual clause to increase a sentence violated the Due Process Clause. 135 S. Ct. 2551, 2557 (2015). The *Johnson* decision applies only to the residual clause and "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

The Supreme Court has made *Johnson*'s rule retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is thus a substantive decision and so has retroactive effect . . . ."); *see also In re Watkins*, 810 F.3d 375, 384 (6th Cir. 2015) ("*Johnson*'s rule [is] categorically retroactive to cases on collateral review"). Although *Watkins* involved a sentencing enhancement under the ACCA, and not the Sentencing Guidelines, the Sixth Circuit has treated the "identically worded" residual clause of U.S.S.G. § 4B1.2(a)(2)[5] like the residual clause of the ACCA. *See, e.g.*, *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016) ("*Johnson*'s rationale applies with equal force to the Guidelines' residual clause."); *United States v. Binford*, 818 F.3d 261, 274 (6th Cir. 2016) (vacating sentence enhanced under the Sentencing Guidelines in light of *Johnson*). The Supreme Court, however, has not decided the retroactivity of *Johnson* as applied to Sentencing Guidelines cases on collateral review.[6]

### 2. Blake's Prior Convictions

Blake qualified as a career offender under § 4B1.1 in relevant part because he "has at least two prior felony convictions for controlled substance offenses or crimes of violence." (PSR ¶ 23.) The prior convictions used to qualify Blake as a career offender were: a 1997 Tennessee conviction for attempted aggravated robbery (PSR ¶ 34); a 1997 Tennessee conviction for

---

[5] The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

[6] The Supreme Court has granted certiorari in *Beckles v. United States*. No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) (mem.). The case involves the application of *Johnson* to the Sentencing Guidelines. *See Beckles v. United States*, 616 F. App'x 415, 415-16 (11th Cir. 2015) (per curiam).

attempted second-degree murder (*id.* ¶ 36); and a 2008 Tennessee conviction for possession of cocaine with intent to manufacture, deliver, or sell (*id.* ¶ 38).[7]

The conviction for possession of cocaine with intent to manufacture, deliver, or sell is a controlled substance offense to which *Johnson*'s holding does not apply.[8] The conviction for attempted aggravated robbery is a crime of violence to which the residual clause does not apply. *In re Walker*, No. 15-6089, (6th Cir. Mar. 23, 2016) ("[movant's] predicate offenses—kidnapping and attempted aggravated robbery—do not fall within the Guidelines' analogous residual clause"); *see also United States v. Bailey*, 634 F. App'x 473, 476-77 (6th Cir. 2015) (per curiam) ("a Tennessee conviction for facilitation of aggravated robbery qualifies as a violent felony under the ACCA's *use-of-force clause*" (emphasis added) (citing *United States v. Gloss*, 661 F.3d 317 (6th Cir. 2011))). Thus, even if the Court assumes that *Johnson* and *Welch* apply to the Sentencing Guidelines, at least two of Blake's prior convictions are unaffected by the two rulings, and his career offender status is unchanged.

Accordingly, because Blake is not entitled to relief on any of the ineffective assistance of counsel issues raised in his § 2255 Motion or the *Johnson* claim raised in his subsequent amendment to the § 2255 Motion, the Court DENIES the § 2255 Motion. Judgment shall be entered for the Government.

---

[7] Blake appears to assert that only the two convictions for attempted aggravated robbery and attempted second-degree murder were predicate offenses for his career offender enhancement. (*See* Mot. to Suppl. at 3, *Blake v. United States*, No. 2:13-cv-02663-JPM-cgc (W.D. Tenn.), ECF No. 11.) Both the PSR and the transcript of Blake's sentencing hearing indicate that Blake's conviction for possession of cocaine with intent to manufacture, deliver, or sell was also a qualifying predicate offense. (*See* PSR ¶¶ 23, 38; Sentencing Hr'g Tr. 22:2-16, Dec. 19, 2011, *United States v. Blake*, No. 2:10-cr-20003-JPM-1 (W.D. Tenn.), ECF No. 62.)

[8] The Supreme Court in *Johnson* did not address sentences enhanced for "serious drug offenses" under the ACCA. The Sentencing Guidelines define "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

## IV. APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing. 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the movant demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). "[A] COA does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337 ("[A] court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief."); *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Miller-El*, 537 U.S. at 337 ("Our holding should not be misconstrued as directing that a COA always must issue.").

There can be no question that the issues raised in Blake's § 2255 Motion are meritless for the reasons previously stated. Because any appeal by Blake on the issues raised in his § 2255 Motion does not merit review, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals brought under § 2255. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby

18

avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides, however, that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(3)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[9]

**IT IS SO ORDERED**, this 4th day of August, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[9] If Blake files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.